**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3473-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEVIN M. KEOGH,

     Defendant-Appellant.

_____

          Argued November 8, 2018 – Decided August 22, 2019

          Before Judges Fuentes, Vernoia and Moynihan.

          On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 11-06-0072.

          Peter T. Blum, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Joshua D. Sanders, Assistant Deputy Public Defender, of counsel and on the brief).

          Valeria Dominguez, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jenny M. Hsu, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Kevin Keogh was the Superintendent of Special Services at the Passaic Valley Sewerage Commission (PVSC) between January 2005 and April 10, 2007. On June 28, 2011, a State Grand Jury returned a seven-count indictment against defendant, charging him with: (1) second degree conspiracy to commit official misconduct, a pattern of official misconduct, and theft by unlawful taking or disposition, in violation of N.J.S.A. 2C:5-2, N.J.S.A. 2C:30-2, N.J.S.A. 2C:30-7(a), and N.J.S.A. 2C:20-3; (2) second degree official misconduct with the purpose to obtain a benefit in excess of $200.00, in violation of N.J.S.A. 2C:30-2 and N.J.S.A. 2C:2-6; (3) second degree engaging in a pattern of official misconduct, in violation of N.J.S.A. 2C:30-7(a) and N.J.S.A. 2C:2-6; (4) third degree theft by unlawful taking or disposition, in violation of N.J.S.A. 2C:20-3 and N.J.S.A. 2C:2-6; (5) second degree official misconduct with the purpose to obtain a benefit in excess of $200.00, in violation of N.J.S.A. 2C:30-2 and N.J.S.A. 2C:2-6; (6) second degree pattern of official misconduct, in violation of N.J.S.A. 2C:30-7(a) and N.J.S.A. 2C:2-6; and (7) third degree theft by unlawful taking or disposition, in violation of N.J.S.A. 2C:20-3 and 2C:2-6.

On June 21, 2012, defendant entered into a negotiated agreement with the State through which he: (1) pled guilty to two counts of second degree official

misconduct; (2) pled guilty to one count of second degree conspiracy; (3) agreed to pay $7,500 restitution to the PVSC, waived his right to a restitution hearing and stipulated to the amount of restitution; (4) agreed to fully cooperate with the State in this case and other related matters; (5) forfeited any public position or employment he may currently have pursuant to N.J.S.A. 2C:51-2(a); and (6) was permanently barred from any future public employment in the State of New Jersey.

In return, the State agreed to amend the indictment to include only the misconduct that occurred prior to April 14, 2007, thereby allowing defendant to avoid the mandatory minimum sentence provisions under N.J.S.A. 2C:43-6.5.[1] The prosecutor also agreed to recommend that defendant be sentenced to concurrent terms of imprisonment of five years, without any restrictions on his eligibility for parole. Finally, the State agreed to dismiss all of the remaining counts of the indictment and: (1) forego the right to prosecute defendant for any other crimes previously disclosed or known to the State stemming from defendant's employment with the PVSC; (2) not recommend the imposition of

---

[1] Pursuant to N.J.S.A. 2C:43-6.5(a), a public employee who is convicted of a second degree offense "that involves or touches such office or employment" must be sentenced to a mandatory minimum term of five years imprisonment without eligibility for parole. The statute took effect April 14, 2007. L. 2007, c. 49, § 6.

any criminal fine; and (3) not object to defendant's admission into the Intensive Parole Supervision (ISP) program if he is deemed to be an eligible candidate.

At the plea hearing held on June 21, 2012, the court questioned defendant directly to ensure he understood the terms of the plea agreement and had sufficient time to discuss the matter with his attorney. Defendant responded to the trial court's questions in a lucid and responsive fashion. He also provided a factual basis for his plea of guilty. The sentencing hearing was originally scheduled for September 27, 2012. However, because the plea agreement required defendant to cooperate with the State in the prosecution of other codefendants, the court agreed to postpone the sentencing hearing until the cases against these individuals were resolved, either by plea or by trial.

On March 17, 2016, nearly four years after the plea hearing, defendant filed a motion seeking to withdraw his guilty plea. When the motion came for oral argument on June 9, 2016, the judge[2] permitted defendant to argue the issues pro se, notwithstanding that he was represented by counsel. After considering extensive oral argument, the judge reserved decision until June 23, 2016, at

---

[2]  The judge who heard and decided defendant's motion to withdraw his guilty plea was not the same judge who presided over the plea hearing on June 21, 2012.

A-3473-16T3

which time he delivered an oral opinion from the bench that provided the reasons for denying defendant's motion.

The judge summarized for the record the procedural history of this case, which involved the prosecution of a number of defendants pursuant to a multicount indictment. With respect to defendant, the judge reviewed the transcript of the plea hearing, noted defendant's unequivocal admission of guilt, and recognized his subsequent confirmation of his guilt during the interview with the probation officer who prepared the March 6, 2014 updated Presentence Investigation Report. See N.J.S.A. 2C:44-6; R. 3:21-2. The judge applied the factors established by the Court in State v. Slater, 198 N.J. 145 (2009), and denied defendant's motion to withdraw his guilty plea. The judge also rejected defendant's claim "that he could no longer afford his attorneys" and noted he "has been represented by a total of five attorneys during the pendency of this matter."

The court sentenced defendant on July 26, 2016, to a term of five years imprisonment, without any period of parole ineligibility. On November 4, 2016, the State moved to vacate two official misconduct convictions to permit defendant to qualify for ISP, as provided by the plea agreement. The court granted the State's motion. Defendant thereafter moved for reconsideration of

5

his sentence.  The court heard argument on the motion on July 26, 2017.  Once again, defendant argued this motion pro se.  At the start of oral argument, the judge addressed defendant as follows:

> THE COURT: . . . Mr. Keogh, you had filed a motion to reconsider several months ago.  It was my understanding that it was to be held in abeyance, because you were a - - pending the ISP consideration. . . . [Y]ou were released on ISP after you re-pled to conspiracy, to make you eligible for ISP.  So, I'll hear your motion, sir, but I - - quite honestly I think it's . . . essentially moot.  But, I'll hear you, sir.
>
> DEFENDANT: I would concur with the [c]ourt.  Judge.  I don't - - expect the motion to be granted, so -- I - - I would ask the - - [c]ourt and [the prosecutor] - - to reconsider my sentence - - a - - on the basis of just basic fairness and equity.
>
> What I would ask today is that the - - the [c]ourt possibly suspend my sentence and sentence me to probation a - - pulling me off the ISP program.

The court denied defendant's motion.  The judge noted that defendant "started out" facing a five-year term without parole, and "ended up serving approximately six months."

Against this record, defendant now appeals raising the following arguments.

6

POINT ONE

GIVEN THAT MR. KEOGH HAS ASSERTED A COLORABLE CLAIM OF INNOCENCE THAT HIS ACTUAL INNOCENCE ESTABLISHES THE NATURE AND STRENGTH OF HIS REASONS FOR WITHDRAWAL, THAT WITHDRAWAL WOULD RESULT IN NO UNFAIR PREJUDICE TO THE STATE, AND THAT THE PLEA AND SENTENCE AS THEY STAND REPRESENT A MANIFEST INJUSTICE, THE LOWER COURT ERRED BY DENYING THE MOTION TO WITHDRAW THE GUILTY PLEA.

    A. Colorable Claim Of Innocence.

    B. The Nature And Strength Of Defendant's Reasons For Withdrawal.

    C. Whether The Guilty Plea Was Entered Pursuant To A Plea Agreement.

    D. Whether Withdrawal Of Defendant's Plea would Result In Unfair Prejudice.

    E. Maintaining This Plea And Sentence Under The Present Circumstances Represents A Manifest Injustice.

Defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Marilyn C. Clark in her oral opinion delivered from the bench on July 26, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-3473-16T3